|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 10-5253-JFW (PJWx)** | Date: September 16, 2010 |
|---|---|---|
| Title: | Vicente Rico, et al. -v- GMAC Mortgage, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

| **PROCEEDINGS (IN CHAMBERS):** | **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**ORDER DENYING AS MOOT DEFENDANT GMAC MORTGAGE, LLC'S MOTION TO DISMISS [filed 8/11/10; Docket No. 9]; and**<br><br>**ORDER DENYING AS MOOT DEFENDANT GMAC MORTGAGE, LLC'S MOTION TO STRIKE [filed 8/11/10; Docket No. 20]** |
|---|---|

On August 11, 2010, Defendant GMAC Mortgage, LLC ("Defendant") filed a Motion to Dismiss and a Motion to Strike. On August 30, 2010, Plaintiffs Vicente Rico and Gloria Rico (collectively, "Plaintiffs") filed their Oppositions. On September 3, 2010, Defendant filed Replies. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for September 20, 2010, is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

On July 16, 2010, Plaintiffs filed a Complaint in this Court, alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) and (d).

Plaintiffs have not adequately alleged the facts essential for the subject matter jurisdiction of this Court.[1] *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir.

---

[1] Local Rule 8-1 requires that: "The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's

2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In addition, to allege jurisdiction under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d).

In their Complaint, Plaintiffs allege that they are residents of California.  Complaint, ¶¶ 1 & 8. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  Therefore, Plaintiffs' allegations are insufficient to establish their citizenship.

In addition, Plaintiffs' jurisdictional allegations in the Complaint regarding Defendant are based on information and belief.  This is insufficient.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").  As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990).  A complaint alleging diversity of citizenship upon "information and belief" is insufficient to confer jurisdiction.  *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).

Moreover, to establish the citizenship of a limited liability company under Section 1332(a), Plaintiffs must, at a minimum, allege the citizenship of all members of the limited liability company. *See, e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiffs have failed to allege any of the members of Defendant.

Furthermore, Plaintiffs have failed demonstrate that the amount-in-controversy requirement has been satisfied under either Section 1332(a) or Section 1332(d) because their allegation regarding the amount in controversy is so vague as to be useless.  In their Complaint, Plaintiffs allege that "this is a civil class action wherein the matter in controversy . . . exceeds the jurisdictional minimum for this statute and of the Court."  Complaint, ¶ 16.  However, it is impossible to discern from this allegation if the "this statute" referred to in the Complaint is referring to Section 1332(a), Section 1332(d), or both.  In addition, to satisfy the amount-in-controversy requirement under Section 1332(a) for a class action, Plaintiffs must demonstrate that a single

---

jurisdiction."  L.R. 8-1.  Plaintiffs have failed to comply with Local Rule 8-1.

class member's claim satisfies the $75,000 threshold.  *See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566 (2005).

Finally, Plaintiffs have failed to allege that there are at least 100 class members of the proposed class as required for jurisdiction under CAFA.  28 U.S.C. § 1332(d).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court *sua sponte* **DISMISSES without prejudice** Plaintiffs' Complaint.  Plaintiffs shall file an amended Complaint by September 23, 2010.  **Plaintiffs are warned that failure to file an amended Complaint by September 23, 2010 will result in the dismissal of this action with prejudice.**

In light of the dismissal of Plaintiffs' Complaint, Defendant's Motion to Dismiss and Motion to Strike are **DENIED as moot**.

IT IS SO ORDERED.